## JOHN HUBBARD *et a. vs.* ENOCH SANBORN.

It is a good cause of abating a writ, that it was served by an arrest of the defendant's body on a day when he was by statute exempted from arrest.

THIS was an action of assumpsit. The defendant prayed judgment of the plaintiff's writ, because he was arrested by virtue thereof on Monday the sixth day of November, 1820, in Bath, in this county, being the same day on which a town meeting was holden at said Bath, for the choice of electors of president and vice-president of the United States; he the defendant being then and there an inhabitant of said town of Bath and entitled to vote therein.

To this plea the plaintiffs demurred, and the defendant joined in demurrer.

*Payson*, for the plaintiffs.

*Goodall*, for the defendant.

RICHARDSON, C. J. The statute of June 23, 1813, sec. 5, (1)enacts, " that during the day on which any town meeting " shall be holden, for the choice of state and county officers, " representatives to congress, or electors of president and " vice-president of the United States, no inhabitant of any " town or parish, who is entitled to vote therein, shall be li- " able to arrest on any civil process whatever," and the question, which this case presents is, whether it is a sufficient cause to abate the plaintiff's writ, that it was served by an arrest of the body of the defendant on a day, when he was exempted from arrest by the statute above recited?

It has been decided in Massachusetts, that when a writ is improperly served, it is a good cause of abatement. 14 *Mass. Rep.* 216, *Brewer vs. New-Gloucester.*

In the case of *Holliday vs. Pitt,*(2)*Mr. Pitt* being a member of parliament, and arrested within the time of privilege of parliament, was discharged without filing common bail, and the court said that they would not order *Mr. Pitt* to file

(1) 1 N. H. Laws, 252.

(2) 2 Str. 985.

common bail, " because it in some manner warranted the ar- *Hubbard et a.*
" rest." A discharge in this case, without filing common *vs.*
*Sanborn.*
bail, was tantamount to an abatement of the writ. 3 *Bl. Com.*
207.—2 *H. Bl.* 300.—*Comyn's Rep.* 444.—*Ditto Dig. Priv.*
*A.* 1.—2 *Mod.* 182.—*Tidd's Prac.* 210—216.

In the case of *W. Livingston*,(1)*Livingston* was a judge of (1) 8 Johnson
the court of common pleas and not liable to arrest by pro- 351.
cess from his own court, and being arrested by such process,
the capias and all subsequent proceedings were set aside by
the court of common pleas, and when the cause was brought
before the supreme court, it was there said, there was no-
thing in the case that called for their interference.

In England, there are cases where a party arrested im-
properly is discharged upon filing common bail. 3 *East*
89, *Spence vs. Stuart.*—2 *Mod.* 181, *Long's case.*

It seems to be well settled, that an arrest on the sabbath
is void, and the officer who makes it a trespasser. 1 *Tidd's
Prac.* 189.—13 *Mass. Rep.* 324, *Pearce vs. Atwood.*—3 *Bur.*
1595, *Swan vs. Brown.*—12 *John.* 178, *Van Vechten vs.
Paddock.* But although the sheriff is bound to take notice
of the sabbath, he is not bound to take notice of an individu-
al's exemption from arrest, and trespass does not lie against
the sheriff for arresting an exempted person. 2 *W. Black.*
1190, *Cameron vs. Lightfoot.*—2 *do.* 1085, *Crosby vs. Shaw.*

In some cases, if the sheriff arrest a person privileged from
arrest and let him go at large, it is an escape. 18 *John.* 52,
*Secor vs. Bell.* But when a person exempted from arrest by
statute, is arrested, the sheriff may let him go at large and
it is no escape. 11 *John.* 433, *Ray vs. Hogeboom.*—*Green
vs. Edson, Cheshire, Oct.* 1820.

In the present case, the arrest was against the express pro-
visions of a statute and illegal, yet if the defendant cannot
abate the writ, what remedy has he? Relief upon a habeas
corpus would come too late to answer the object of the stat-
ute. The sheriff is not liable; nor is the plaintiff liable, be-
cause the arrest may be without his knowledge. But if the
writ abates, the bail, whom the defendant may procure, will
be discharged; and a knowledge of this may facilitate the
procurement of bail by persons illegally arrested.

In the present case, as the only service of the writ was the arrest of the body of the defendant, and as the arrest was against the express letter of the statute, we are of opinion, that the service of the writ must be held to be altogether illegal and void.

*Writ abated.*