## HALL v. COOK'S ADMINISTRATOR.

1. Where the defendant proves a set-off to a greater amount than the demand sued on, the statute of sets-off will not allow the plaintiff to rebut the defendant's proof, by showing that the latter is indebted to him in a large sum, which is not in suit.

THE defendant in error, as the administrator of Jesse W. Norwood, deceased, declared against the plaintiff in the Circuit Court of Wilcox, on a promissory note or due bill.

The case was tried on an issue upon the pleas of non assumpsit, set-off and payment.

On the trial, a bill of exceptions was taken by the plaintiff in error, to the ruling of the presiding judge. The defendant in error having shown a due bill for two hundred dollars, made by the plaintiff to his intestate, the plaintiff then proved a greater amount of sets-off than the claim sued on: whereupon the de-

fendant in error, offered a witness to prove, that the plaintiff acknowledged that he had received two hundred dollars, other than that sued for, of the intestate, for which he had given no note or other security. To the admission of this evidence, the plaintiff in error objected, but his objection was overruled and the evidence given to the jury; thereupon he excepted, &c.

Verdict and judgment being rendered against the defendant below, he has prosecuted a writ of error to this court.

PROCTOR, for the plaintiff.
J. B. CLARK, contra.

COLLIER, C. J.—The only question here raised is, did the circuit court err in receiving the evidence objected to by the plaintiff in error. The right to prove a set-off at the trial of a cause, and thus diminish or defeat a recovery, did not exist at the common law, but was given by statute. [Montague on set-off 5—15: Chandler v. Drew, 2 N. H. Rep. 469.] For the purpose then, of ascertaining the extent to which this right is allowed, reference must be had to the statute itself. Our Legislative acts upon the subject, have all been embodied into one, and provide that, "In all cases, where there are or shall be mutual debts subsisting between the plaintiff and defendant, or if either party sue or be sued, as executor or administrator, where there are mutual debts subsisting between the testator or intestate and either party, one debt may be set against the other, either by being pleaded in bar, or given in evidence on the general issue, or notice given of the particular sum intended to be set-off, and on what account the same is due, notwithstanding such debts may be deemed in law to be of a different nature." The act then directs the manner in which a debt, secured by a penalty, shall be pleaded, the judgment to be rendered where the plaintiff's demand is partially, fully, or more than paid.

Though the statute of set-off is a beneficial enactment and should be liberally expounded, so as to advance justice and prevent circuity of action. [Tuttle v. Beebee, 8 Johns. Rep. 156.] Yet, we think it too restricted in its term to allow the plaintiff

to avail himself of a set off against the set-off either pleaded or given in evidence by the defendant. It seems to contemplate nothing of the kind—but to afford to the defendant a defence against the cause of action set out in the declaration, which the common law did not tolerate. The plaintiff is permitted to show that the set-off is not admissible, or that it is a debt which he is not bound by the law to pay—but beyond this he cannot go in his replication or proof. [3 Starkie's Ev. 1317.]

If an application were made to a court to set-off demands against each other, which have passed into judgment, in such case it would be competent for a plaintiff to resist the application by showing that he had another demand against the defendant. [Glaister v. Horner, 8 T. R. 69.] But a motion to effect a set-off in such a case, is not *ex debito justitiæ*, but *ex gratia curiæ* and the court proceeds according to equity and good conscience to do substantial justice between the parties. [Simpson v. Hart, 14 Johns. Rep. 63: Davidson v. Geoghogan, 3 Bibb's Rep. 233.] The practice does not rest upon any statute, but upon the general jurisdiction of courts over suitors. [Chandler v. Drew, 2 N. H. Rep. 469 ]

The judge of the circuit court erred in admitting the evidence to rebut the set-off of the plaintiff in error. The judgment is consequently reversed and the case remanded.