## HUDNALL, USE OF REDUS v. SCOTT.

1. The plaintiff cannot reduce the amount of a sett-off by showing an error in the settlement, which led to the execution of the note sued on.
2. The plaintiff cannot make a set-off, to a set-off pleaded or given in evidence by the defendant.

THE action was brought by the plaintiff in error on four promissory notes, amounting to the sum of four thousand four hundred and twenty-eight dollars. Pleas non-assumpsit, payment, and set-off. During the trial, the defendant introduced evidence against the nominal plaintiff, of demands existing previous and subsequent to the date of the notes sued on, and previous to notice of the transfer to Redus, for whose use the suit was brought. To reduce the amount of the off-sets claimed by the defendants against Hudnall, Redus offered evidence to shew that there was an error in the transaction between Hudnall and Scott, out of which the notes sued on grew, of about nine hundred dollars, which remained uncorrected and unadjusted between all the parties. To the introduction of this testimony, the defendant objected, and the objection was sustained by the Court. The error assigned is the rejection of this testimony.

REAVIS, for plaintiff in error, cited 12 Wendell, 356.
HAIR, contra. 1 Ala. Rep. 629.

ORMOND, J.—In the case of Hall v. Cook, 1 Ala. Rep. 629, we held that the plaintiff could not avail himself of a set-off against a set-off pleaded, or given in evidence, by the defendant; but was restricted to showing that the set-off was not admissible, or was a debt which he was not bound to pay. Tried by the rule laid down in that case, the defence offered by the plaintiff to the set-off given in evidence by the defendant, was clearly inadmissible.

The attempt here was, to reduce the amount of the set-off by showing an error in the original transaction, which led to

41

the execution of the notes sued on. And without stopping now to inquire whether the plaintiff could, in a Court of law, occupy such an inconsistent attitude as to affirm the correctness of the contract, by suing on it, and at the same time to insist that it was erroneous, we consider the answer given by the counsel for the defendant conclusive. That if there was an error in the original settlement which resulted in the execution of the notes, that error could not be transferred with the note. This is so perfectly clear, that argument cannot illustrate it.

Let the judgment be affirmed.