J. E. BOYETT. v. THADDEUS VAUGHAN.

*Pleading—Counter-Claim—Reply.*

1. Under C. C. P. § 105, a plaintiff may not only *reply* to a counter-claim, but may allege " new matter" which has no connection with the matter alleged in the complaint or the new matter alleged in the counter-claim, the only requirement being that it shall not be inconsistent with the complaint.

2. The plaintiff brought suit before a Justice for $105, due by account ; the defendant pleaded a counter-claim for $200, due by note for part of the purchase money for a tract of land ; judgment was rendered for defendant from which plaintiff appealed ; in the Superior Court plaintiff was permitted to reply to the counter-claim, alleging an in-

debtedness of defendant of $332, upon a *parol* contract to pay plaintiff so much per acre for what the land should fall short of its estimated quantity ; and plaintiff obtained judgment for $200, having remitted the excess of his claim above that amount; *Held,* not to be error.

(SMITH C. J. and BYNUM J. *Dissenting.*)

CIVIL ACTION tried on appeal from a Justice's Court, at January Special Term, 1878, of HALIFAX Superior Court, before *Schenck, J.*

The plaintiff in his complaint before the Justice of the Peace claimed that the defendant was indebted to him in the sum of $105 for lumber, and the defendant denied the debt and pleaded a counter claim due by note from the plaintiff to him for $200. The Justice gave judgment in favor of defendant for $69.13, the excess of his counter claim, and plaintiff appealed. When the case came on for trial in the Superior Court, the defendant moved for judgment because there was no replication denying the counter claim. The Court refused the motion and allowed the plaintiff then to put in his replication.

The plaintiff's replication alleged that the note was for part of the purchase money for land sold and conveyed to him by defendant, and that there was a parol agreement at the time of sale that the defendant should pay him four dollars per acre for every acre the land might fall short of its estimated quantity of four hundred acres, and that the deficiency was eighty-three acres, for which at that rate he set up a counter claim. The counter claim was denied by defendant.

Issues were submitted to the jury and they found that defendant did agree to pay for the deficiency in the land, and that the deficiency was eighty-three acres as alleged by the plaintiff. The land was conveyed to plaintiff by deed in January, 1874, and about a year thereafter reconveyed by
34

him to defendant to secure the said note and other debts he
owed the defendant. The defendant moved for judgment
notwithstanding the verdict which the Court denied and
caused the following entry to be made: "Upon suggestion
of a diminution of the record as shown by the transcript of
the Justice, the plaintiff is permitted by the Court to file
his replication and counter claim to the answer and counter
claim of the defendant, and the transcript is ordered to be
amended accordingly." The plaintiff was also allowed to
remit $57,06 of his claim on account of the deficiency in the
land, to which defendant excepted, and thereupon judgment
was rendered for plaintiff against defendant for $200 and
interest from the 21st of January, 1878, and costs, and the
defendant appealed.

*Messrs. Mullen & Moore*, for plaintiff.
*Mr. T. N. Hill*, for defendant.

READE, J. The question is as to what defence a plaintiff
may make to a counter claim on the part of the defendant.
C. C. P., § 105 provides that "when the answer contains
new matter constituting a counter claim the plaintiff may
* * * reply to such new matter, * * * and he may allege
* * * any new matter not inconsistent with the complaint
constituting a defence to such new matter in the answer."

It is insisted that the plaintiff can not allege new matter
to the counter claim, but is confined to a reply to the coun-
ter claim, or by denying it altogether, or by confessing and
avoiding it. That is error however and grows probably out
of considering that § 101 governs it. But § 101 relates only
to the *answer*. § 105 which relates to the *reply* governs it,
and provides expressly that the plaintiff may not only *reply*
to the defendant's counter claim but may allege "new
matter" which has no connection with the matter alleged in
the complaint, or the new matter alleged in the answer, the

only restriction being that it shall not be inconsistent with the complaint,—"any new matter not inconsistent with the complaint constituting a defence to such new matter in the answer."

It is not necessary that we should give a reason for this, because a statute is arbitrary and is good without a reason ; but it would be inconvenient and unjust if it were otherwise. Before C. C. P. a defendant could plead a set off to plaintiff's claim and defeat the plaintiff's recovering in whole or in part as the case might be, but the defendant could not recover his set off and have judgment against the plaintiff; but under C. C. P. he may not only defeat the plaintiff, but have judgment against the plaintiff for the excess of his counter claim. And it would be manifestly unjust to deprive the plaintiff of a defence to the counter claim which is set up not only to defeat his action but to subject him to a judgment upon the counter claim.

In our case the plaintiff claims a lumber bill against the defendant. Very well, says the defendant, I owe it, but you owe me a balance for a tract of land you bought of me. Very well, says the plaintiff, I owe it, but you owe me on account of that same land transaction. It was certainly contemplated by the C. C. P. that all these matters might be settled in the same suit.

We do not think that there is any force in the defendant's objection that the plaintiff can not prove his new matter by *parol*, because he does not seek by parol to contradict the written contract about the land. The contract by parol which he sets up is consistent with the written contract and is outside of it. Judgment affirmed and judgment here.

SMITH, C. J., *Dissenting.*—In my opinion there was error in permitting the plaintiff to put in his replication and in the judgment which was rendered :—

A set off is but a defence to the action, and its office is to make an appropriation of money which the plaintiff owes

the defendant to the discharge in whole or in part of the demand asserted in the suit. It can go no further than to defeat the action. It differs from a counter claim only in the disposition made of the excess, if there be an excess, of the counter claim over the sum due the plaintiff, and in allowing the defendant to have judgment for such excess. They are essentially alike in the rules of pleading which are applicable to them. I think it clear from the authorities and upon sound reasoning that the defendant alone can set up the defence. Some of them will be referred to. In *Ulrich* v. *Berger*, 4 Watts & Sergt. (Penn.) 19, the Court thus lays down the doctrine: Set off is a creature of positive law and exists only when it is allowed by law. Our act allows it only *in favor of the defendant*, and there consequently can not be such a thing as a set off against a set off. A law suit might become very inconveniently complicated were it otherwise, as the contest might in the end be shifted from the original ground and the plaintiff *recover a different and greater* demand than the one laid in the declaration. The same doctrine was declared in *Gable* v. *Perry*, 13 Penn. 181. So in *Hall* v. *Cook*, 1 Ala. 629, the Court say : Where a defendant proves a set off to a greater amount than the demand sued on, the statute of set off will not allow the plaintiff to rebut the defendant's proof by showing that the latter is indebted to him in a large sum which is not in suit. The plaintiff is permitted to show that the set off is not admissible or that it is a debt which he is not bound by the law to pay, but beyond this he can not go, in his replication or proof;—citing 3 Starkie Ev. 1317. And this is affirmed in the subsequent case of *Hudwell* v. *Scott*, 2 Ala. 569. The rule as collected from the adjudged cases is thus laid down by a recent writer on the law of set off: The plaintiff can not avail himself of a set off against a set off, but is restricted to showing that the set off is inadmissible, or is a debt which he is not bound to pay. Waterman on Set Off § 595.

The force of the reasoning can not be successfully resisted. It is obvious that if the plaintiff could reply a set off, then equally could the defendant set up a defence to the new claim, and the pleading instead of tending to a single issue might expand and branch out into numerous issues. In the present case, instead of trying two actions, which the plea of set off itself involves, there were three tried ; and there might have been an indefinite number upon the principle that permitted the third. When the plaintiff brings his suit upon any particular demand, he makes his election, and, unless under our liberal system of amendment, can not enforce in that action any other.

The new system of pleading and practice has not changed the rule. The counter claim defined in the Code is a defence which the defendant and no one else can set up. It declares that the answer of the defendant must contain a general or specific denial &c, or "a statement of any new matter constituting a defence or counter claim in ordinary and concise language without repetition." § 100. And the counter claim itself is described in the next section,—" it must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action." No other replication is required of plaintiff than to controvert the counter claim or to defend himself against it. § 105.

In *Williams* v. *Jones*, 1 Bush. 627, the very point now under discussion was decided in Kentucky. "It is also insisted," say the Court, " that under the pleadings and proofs, the account exhibited with the plaintiff's reply should not have been allowed to extinguish or discharge so much of the debt pleaded as a set off by the appellant Davis; but although the account is not and *could not have been pleaded in reply as a set off*, because as suggested a reply is restricted by the Civil Code § 133 to statements constituting a defence to the set off or counter claim of the defendant, it was proper to suggest in the reply as a defence to the set off of Davis, that

the goods for which he claims were sold and delivered in payment of the appellee's account, and we think the facts proved authorized the presumption that such was the case."

There is another insuperable objection to the allowance of the plaintiff's counter claim : In amount it was for a sum in excess of a Justice's jurisdiction ; one or the other of two consequences follow,—either the replication was inadmissible, or it destroyed the jurisdiction. The plaintiff's counter claim was for $332 and unless it could have been originally sued on before a Justice, could not in this way be brought under his jurisdiction. That jurisdiction is limited to claims not exceeding $200 and the mandates of the constitution and statute can not in this or any other way be evaded. The condition of the cause produced by the ruling of the Court was substantially to make the claim of the plaintiff $437, consisting of his account for the lumber sold and for deficiency in land, and that of the defendant's set off of $200. These respective claims are adjusted at their full amount, and the balance thus ascertained reduced to the sum of $200. It is true the action as originally instituted was within the jurisdiction of a Justice, but that jurisdiction would have been ousted by an increase above $200 of the plaintiff's claim through an amendment of the complaint, and he would have been compelled to dismiss the suit. This effect conclusively proves this want of power to make the amendment, or which is the same thing, increase the demand by a new counter claim, and thus defeat an action rightfully begun. If the plaintiff asked this, it was in substance assenting to a nonsuit or dismissal, for the Justice could not allow the amendment and take cognizance of the cause. The like result must follow a similar action of the Court, because the Superior Court alone has jurisdiction of a cause brought before it on appeal when the Justice himself had it. Any change which would have defeated the jurisdiction of the Justice, if allowed when the cause was

depending before him, will have the same effect, if allowed in the appellate Court.

It is to be further remarked that there is a variance in the sum demanded in the complaint and that adjudged in the Superior Court. This the rules of pleading and practice do not allow, and as the judgment would be reversed on a writ of error where that mode of proceeding prevails, it can not be sustained on our review of it on the appeal. *Singleton v. Kennedy*, Conf. Rep. 520.

I am therefore of opinion that the Court erred in allowing the plaintiff's replication of a counter claim, and in adjudging to the plaintiff a sum in excess of his original demand.

BYNUM, J. I concur in the dissenting opinion of the Chief Justice.

PER CURIAM.                                   Judgment affirmed.