# Hill *v.* Roberts.

*Action on Promissory Note, by Payee against Maker.*

1. *Cross-demands, as payment or set-off.*—In an action on a promissory note, by the payee against the maker, a set-off being pleaded on account of moneys collected by plaintiff for defendant, being fees due him as sheriff, the plaintiff may, under a special replication, show that these moneys, as collected, were applied by agreement, or by direction of defendant, to the payment of another claim against him held by plaintiff; but such an application is not made by the law, in the absence of any action by the parties; nor can the plaintiff set up his other debt in answer to the plea of set-off.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. S. H. SPROTT.

This action was brought by Thomas A. Roberts, against Albert C. Hill and James B. Head; was founded on the defendants' promissory note for $192.80, dated February 15, 1879, and payable on the 1st January, 1880, to the plaintiff's order; and was commenced on the 22d September, 1886. The defendant Hill filed a special plea, alleging that he was the principal in the note, and Head was only his surety;

that the plaintiff, as probate judge of the county, had collected certain fees due to him, Hill, as sheriff, specifying the items, which aggregated about $140; and he offered to set off this demand against the note sued on.  The plaintiff filed three replications to the plea of set-off:  (1.)  That Hill was indebted to him by due-bill for $38.75, made by the mercantile partnership of Dunlap & Hill, of which he was a member, dated and due October 26, 1876, and by due-bill of said firm for $75, dated and due January 1st, 1877, and by due-bill for $20 executed by said Hill individually, dated and due August 14, 1879; that the moneys collected by him for Hill, being fees due him as sheriff, amounted to about $125, and "were applied, as they were respectively paid to plaintiff, to the payment of said due-bills, and in the order named; that neither on the 15th February, 1879, the date of said note, nor on the 1st January, 1880, when the same fell due, was plaintiff indebted to defendant in any sum whatever, but the sums so received were applied to the payment of said due-bills as stated, and the account for fees so collected had been fully paid, by being applied to the payment of said due-bills, prior to this suit; and plaintiff was not indebted to said Hill in any sum at date of this suit."   (2.)  "Said Hill never directed the application of said payments as they were made, and allowed plaintiff to retain the amounts without objection; and the law applied the payments to the satisfaction of said due-bills in the order named."   (3.)  "Defendant's account of fees is not correct, but the actual amount collected was applied to the indebtedness of said Hill other than the note here sued on; and he can not use said account as a set-off against said note, because the same is paid."   The judgment-entry recites, that the cause was tried on issue joined "on the pleas of the general issue, payment and set-off, and replication thereto."   There was a judgment on verdict for the plaintiff, for $344.52.

On the trial, as the bill of exceptions shows, the plaintiff having read in evidence the note sued on, the defendant Hill adduced evidence in support of his plea of set-off, showing that the plaintiff, as probate judge of the county, had collected fees due him as sheriff, between November, 1877, and November, 1880, amounting in the aggregate to $125, "and for which he had never accounted to said Hill, being the moneys here claimed as a set-off;" and the plaintiff then offered in evidence the two due-bills, for $75.50 and

[Hill v. Roberts.]

$38.75 respectively, mentioned in his replication, and proved that Hill was a member of the firm of Dunlap & Hill. "There was no evidence that plaintiff had ever made any application, as a credit on either of said due-bills, of said moneys and fees so collected by him for Hill; and it was proved that he had brought suit on both of said due-bills, for the full amount thereof, against said Hill, in said Circuit Court, which suit is still pending. This being all the evidence in the case, the court charged the jury, that if Hill, at the time plaintiff received the money collected for him, was indebted to plaintiff by due-bills then due, and plaintiff retained the same, he had a right to apply the same to the payment of said due-bills; and if the defendant (said Hill) did not direct how the same should be applied, and the plaintiff failed to apply it, then the jury can apply the money so received, and claimed as a set-off in this action, to the said due-bills held by plaintiff; and if the amount so collected is more than enough to extinguish said due-bills, with interest, in the order in which they fell due, then the remainder may be applied as a set-off to the note here sued on." The defendants excepted to this charge, and it is here assigned as error.

J. P. McQUEEN, for appellant.—The moneys collected by plaintiff for Hill, being fees due him as sheriff, which the probate judge was authorized to collect, were not appropriated by law to the payment or extinguishment of any debt due and owing by Hill to him, nor was any such application of them by the parties averred or proved; and a set-off can not be pleaded to a set-off. Therefore, the cross-demand was not available in this case, either as payment or set-off. 7 Wait's A. & D. 473–4; *Wharton v. King*, 69 Ala. 367, and cases cited; *Hudnall v. Scott*, 2 Ala. 569; Waterman on Set-off, §§ 5, 7; 3 San. Ch. (N. Y.) 305; *Hall v. Cook*, 1 Ala. 630.

G. B. MOBLEY, *contra*.—Issue was joined on the replication; and though it may be defective, or may present an immaterial issue, the defendant can not now object to its defects or insufficiency.—*Mudge v. Treat*, 57 Ala. 1; *Masterson v. Gibson*, 56 Ala. 56. As to the plaintiff's right to make the application of payments contended for, see *Harrison v. Johnston*, 27 Ala. 445; *Robinson v. Allison*, 36 Ala. 525; 36 Ala. 482. Although a set-off can not be pleaded to

[Hill v. Roberts.]

a set-off, it is always competent to reply and show that it does not exist—that it has been paid or extinguished. Waterman on Set-off, § 716, 2d ed.; 4 Barb. 382; 12 Wend. 356; 6 McL. 65.

McCLELLAN, J.—The set-off was well pleaded. The first and third replications are sufficient in form and substance. The second replication must be construed to aver, that the facts of the case authorize the court to find that the claim relied on as a set-off had been paid by the application to it of the debt which Dunlap and the appellant Hill had owed the appellee. So construed, each of the replications, and all of them combined, present one and the same issue—whether the cross-claim set up by the plea had been paid. Manifestly this was a material issue, and upon it the case properly proceeded to trial. The question for the jury was, not whether Hill's claim against Roberts should be by them set off against Roberts' claim against Dunlap & Hill, but whether those claims had in point of fact been applied by the parties in satisfaction of each other The law indulges no presumption in this matter. It was not a question as to the appropriation of payments. As we understand the pleadings, it is not alleged that Hill ever made any payment to the appellee. The moneys of Hill which came into appellee's hands, were received by him as Hill's agent, not to be applied to any debt the latter might have owed him, but for the purpose of being paid to Hill. If this money is to be regarded in any sense as being paid by Hill to Roberts, the presumption of law, as between the two claims Roberts held against Hill, would be, that it was applied to the note in suit, rather than to the debt of the firm of which Hill was a member. But it can not be so regarded, and its application can not be determined by reference to the law as to the appropriation of payments made generally to a creditor having more than one claim against the debtor. The reception of the fees constituted Roberts the debtor of Hill, in the same sense that the execution of the due-bills constituted Hill the debtor of Roberts. They had demands each upon the other, and there is no principle of law which enforces the liquidation of one with the other, or raises any presumption that the parties have paid one by the satisfaction of the other.—*Hill v. Cook*, 1 Ala. 630; *Hudnall v. Scott*, 2 Ala. 569; *Green v. Storm*, 3 Sand. Ch. 305.

It was upon the plaintiff below to sustain his replications,

[Callen v. Schuessler.]

by evidence that the parties had applied their several demands to the liquidation of each other; that the claim of Hill relied on in set-off had been paid by crediting Hill with the amount of it on the due-bills of Dunlap & Hill. Not only was this not shown, but, on the contrary, any presumption of fact that might have otherwise been indulged, from lapse of time or other circumstance, was rebutted, by proof of the pendency of a suit instituted by appellee on, and for the full amount of, the due-bills of Dunlap & Hill. On this state of the testimony, the case presented a subsisting claim, other than that on which suit was brought, on each side, and an effort to have the jury set off the one against the other. This can not be done. There can be no set-off to a set-off. 7 Wait's Act. & Def. 474; *Spencer v. Almoney*, 56 Md. 562; *Hudnall v. Scott*, *supra*.

That part of the charge of the court, to which an exception was reserved, authorized the jury to set off the claim due from Dunlap & Hill to Roberts, against the set off pleaded by him. This was error, for which the case must be reversed and remanded.