ELIZA WISEMAN v. THOMAS WITHEROW.

*Jurisdiction—Running Account—Sum demanded must be in good faith as to amount due.*

The superior court has no jurisdiction of an action to recover upon a running account of $312 where it is shown that from time to time the defendant had reduced the amount by sundry payments, to a sum under $200 at the time the action was brought. While the sum demanded ordinarily determines the jurisdiction, yet the plaintiff must make his demand in good faith and not for the purpose of giving the court jurisdiction.

(*Froelich* v. *Express Co.*, 67 N. C., 1, cited and approved).

CIVIL ACTION tried at Spring Term, 1883, of McDOWELL Superior Court, before *Gudger, J.*

Upon the call of this case, the defendant's counsel moved to dismiss the action upon the ground of a want of jurisdiction,

and "it appearing to the court that it has not jurisdiction of the subject matter of the action, it is adjudged that the same be dismissed at plaintiff's costs," and from this ruling the plaintiff appealed. The facts necessary to an understanding of the point decided in this court are sufficiently stated in its opinion.

*Messrs. Sinclair & Sinclair* and *J. B. Batchelor*, for plaintiff.
*Mr. M. H. Justice*, for defendant.

MERRIMON, J. It is the sum of money *demanded* in the action upon the contract, express or implied, that determines the question of jurisdiction, in a case like the present one, but the law contemplates that the plaintiff will make his demand in good faith and with reasonable certainty, as to the amount in dispute, and with no purpose to evade or give the jurisdiction improperly.

If it *manifestly* appears to the court that the sum demanded is greater than was really due, and was so alleged for the purpose of giving the court jurisdiction, when in truth and law it could not attach, then, in the language of the late Chief-Justice PEARSON, in *Froelich* v. *Express Co.*, 67 N. C., 1, "it is the duty of the court, '*ex mero motu*,' to interfere and prevent an evasion of the constitution."

In this case, the court below does not specify the particular ground upon which the judgment dismissing the action for want of jurisdiction was founded, but we must presume, in view of the facts appearing in the record, that it rested upon the ground that there was obviously a purpose to give the court jurisdiction, when the facts and the law arising upon them would not allow the same.

It seems to us that there were facts that warranted the action of the court. The plaintiff sued for $312, for feeding and lodging the defendant's servant, at regular intervals, for a period embracing several years. Pending that time, the defendant from time to time paid on account of such running indebtedness sun-

dry sums of money, thus discharging the same *pro tanto,* until, at the time the action was brought, he owed her only the sum of $58.75.   This appears from the plaintiff's own showing.

Her daughter, under her direction, kept the account, and she knew or could have known what sum was due her.   It was not fair or proper to allege that so large a sum was due, when in fact, within her knowledge, so small a one was due.

We think the court was warranted in giving the judgment appealed from.   There is no error and the judgment must be affirmed.

No error.                                              Affirmed.