*M. BRANTLEY v. D. R. FINCH, Adm'r.

*Justices of the Peace—Jurisdiction.*

1. In actions arising out of contract, it is the sum demanded that fixes the jurisdiction.

---

*Justice DAVIS having been of counsel, took no part in the decision of this case.

·2. It is only when the principal sum demanded exceeds two hundred dollars that the plaintiff is required to remit the excess above that sum in order to give the justice jurisdiction.

3. So where the sum demanded, both in the summons and on the trial, was two hundred dollars, but the plaintiff filed an account showing more than that sum to be due, the justice had jurisdiction without any remission of the excess of the account over the sum demanded.

·(*Froelich* v. *The Express Co.*, 67 N. C., 1; *Wiseman* v. *Withrow*, 90 N. C., 140; *Noville* v. *Dew*, 94 N. C., 43; cited and approved).

CIVIL ACTION, tried on appeal from a justice of the peace, before *Shepherd, Judge*, at Fall Term, 1886, of NASH Superior ·Court.

This action was begun before a justice of the peace, to recover $200, which the plaintiff alleges that the defendant's intestate, in his life-time, owed him for services rendered. On the trial before the magistrate, the plaintiff exhibited a statement of account, as follows:

" GRIFFIN BIRD to M. BRANTLEY,                    Dr.
" January 15, 1876.   For services as his agent, &c.,
      till the fall of 1884, (without intermission).......$225  00
" Interest from 1st December, 1884....................   13  50
                                                     ————————
                                                     $238  50
" Credit this account of principal......... .............   25  00
                                                     ————————
·" Balance due for services...............................$213  50 "

The following is the material part of the case settled on appeal:

The summons and the transcript (of the justice) both say that the sum demanded was $200.

The account (above set forth,) was sent up by the justice, and it was conceded that it was presented before the justice by the plaintiff, on the trial.

The plaintiff testified, that when he presented it, he stated to the justice that he did not claim but $200 on said account; that $25 had been credited on the principal, and that he claimed no more than $200. No *remittitur* was entered by the justice. Plaintiff testified that his services were worth $25 per year on an average.

The Court charged the jury, that if the debt was over $200 the plaintiff could not recover; but that if not over that amount, and plaintiff had claimed no more than that amount before the justice, that the justice had jurisdiction, and plaintiff could recover what the jury considered the services were worth.

Before entering upon the trial, and after the return of the verdict, the defendant moved that the action be dismissed for want of jurisdiction, there being no *remittitur* as prescribed by statute. Motion each time overruled.

Judgment was rendered on the verdict, and the defendant appealed.

*Mr. John Devereux, Jr.,* (*Mr. Jos. B. Batchelor* was with him) for the plaintiff.

*Mr. Chas. M. Busbee,* for the defendant.

MERRIMON, J., (after stating the facts). We are of opinion that the justice of the peace had jurisdiction. It is the *sum demanded* in an action on contract that determines the question in that respect. *Froelich* v. *Express Co.,* 67 N. C., 1; *Wiseman* v. *Withrow,* 90 N. C., 140; *Noville* v. *Dew,* 94 N. C., 43. The plaintiff did not demand by the summons, nor insist on the trial, that the intestate of the defendant, in his life-time, owed him a greater sum than two hundred dollars, and the justice of the peace had jurisdiction of that sum.

The "account" stated and exhibited on the trial, was a mere memorandum—it was not evidence of indebtedness— it did not determine or fix the plaintiff's demand, nor the

liability of the defendant. He might—it seems he did— change his opinion in respect to the value of his alleged services rendered, and the jury found by their verdict that they were not worth the sum he demanded. It is only when the principal *sum demanded* exceeds two hundred dollars, that the plaintiff shall remit the excess of principal above that, in order to give the justice of the peace jurisdiction, as prescribed and allowed by the statute, (*The Code,* §835). The plaintiff did not need to remit any part of his claim, be- cause it amounted to only two hundred dollars, and he re- covered less than that sum.

The judgment must be affirmed.

No error.                                        Affirmed.