### J. L. McMILLAN et al. v. D. C. BAXLEY AND WIFE.

*Mortgage Sale—Bona Fide Purchaser—Burden of Proof—
Evidence—Instructions.*

1. In an action to recover land brought by one who purchased at a mortgage sale and who, the defendant claimed, was a partner of the mortgagee and knew that the whole amount was not due, as claimed by the mortgagee, a reference to state an account would not be proper until the issues as to the partnership, *bona fides* of the purchaser and his knowledge of the state of account between mortgagee and mortgagor could be determined.

2. Misjoinder of parties must be taken advantage of by demurrer and not by motion to strike out a party.

3. The misjoinder of unnecessary parties is mere surplusage under *The Code* and not a fatal objection.

4. It is within the discretion of the presiding Judge, under *The Code*, section 274, to permit a plaintiff to file a reply, though by reason of laches he may not be entitled to do so.

5. Where, in an action by a purchaser at a mortgage sale to recover the land from the mortgagor (the mortgagee being joined as party plaintiff) the Judge presiding at the trial charged the jury that the burden was on the plaintiff to prove everything fair and honest and no advantage taken of defendants, it was not error to refuse to charge the jury that the burden of proof was on the plaintiff to show that he was not the partner or agent of the mortgagee when he bought the land.

6. Where the prayer for an instruction was "That before a power of sale conferred in a mortgage can have any force it must be shown *to the satisfaction of the jury*" that the sale was regular and fairly conducted, it was not error for the presiding Judge to substitute the words "by a preponderance of testimony" for the words "to the satisfaction of the jury."

7. A request to charge the jury is properly refused where there is nothing in the pleadings or evidence upon which to base it.

8. Where a prayer for an instruction does not appear in the record an exception to the refusal of the Judge to give it will not be considered in this Court.

9. An instruction which assumed, as proved, certain facts upon which the testimony was conflicting was properly refused.

McMILLAN v. BAXLEY.

10. The rule requiring the production of a writing itself, as the best evidence, does not apply to notices of sale under a power in a mortgage, and hence parol evidence of the posting of such notices is admissible in an action to recover possession of land sold in pursuance thereof.

11. It is the province of the Judge presiding at a trial, and not of the jury, to pass upon the sufficiency of a certificate of probate of a mortgage deed.

12. Where, in an action by the purchaser at a mortgage sale to recover the land from the mortgagor, the mortgagee was joined as plaintiff, and no demurrer was filed on the ground that the two causes of action were improperly joined, the defendant cannot complain of the inconsistency of two findings of the jury by which they found in answer to one issue that the purchaser was the owner of the land, and in answer to another that the mortgagee was owner; for the only result of the error in submitting the issue as to the ownership of the mortgagee and an affirmative response thereto would be a judgment in favor of the purchaser *non obstante* the finding in favor of the mortgagee.

This was a CIVIL ACTION tried before *Graves, J.*, and a jury, at Fall Term, 1890, of ROBESON Superior Court.

The complaint alleges in substance that the plaintiff Paisley McMillan is the owner in fee-simple of the land described in the complaint, and that the defendants wrongfully withheld possession thereof from the said Paisley.

The plaintiffs further allege that on January 1st, 1886, the defendants made and executed their bond and a mortgage conveying said land to plaintiff J. L. McMillan to secure the payment of $168 and interest, due on the 1st of October, 1886; that said J. L. McMillan duly sold said land under the terms of the mortgage on the 29th of November, 1886, the defendant D. C. Baxley being present and making no objection, and plaintiff Paisley became the purchaser at $150, and received from J. L. McMillan a deed in fee-simple for the same; that in the spring of 1887 defendant D. C. Baxley rented said land from Paisley McMillan at $20 per annum, and after notice from said

Paisley refused to give up possession to him at the expiration of the term.

Defendants admit that they are in possession and deny that they wrongfully withhold it; they say that they intended to make bond and mortgage to plaintiffs for $150, and that it was written $168 by mistake or fraud; they aver that the alleged sale was unfair and for a grossly inadequate price; that the same was a sham and a fraud, and the deed, if made by J. L. McMillan to Paisley McMillan, conveyed no title; that Paisley was partner with and agent of J. L. McMillan and managing his business; they allege false representations on the part of one or both of the plaintiffs as to the amount of the bond and mortgage, and deny that the mortgage was ever properly acknowledged for probate; they admit the signing by them of the bond and mortgage.    Defendant D. C. Baxley denies that he rented the land from Paisley or that he owes him any rent, and admits that he refused to give him up the possession of the land.    He sets up a counter-claim or set-off for about $100 for work and labor, etc., which he avers that plaintiffs promised to credit upon the bond.    He alleges that there had been a long course of dealings between plaintiff and defendant D. C. Baxley, and that defendants in 1885 made and executed to plaintiffs a bond for $150 and a mortgage to secure the same, that was intended to cover any balance that might be due upon a settlement between the parties, and that on the 1st of January, 1886, defendants made another bond and mortgage, or attempted to do so, to renew the former ones, and in the same amount to secure any balance due on a settlement; they plead usury in the transaction, and ask for relief.

The plaintiffs in their reply deny the allegations of the counter-claim.

The plaintiffs tendered the following issues, which were submitted to the jury and responded to as set out:

1. Is Paisley McMillan the owner and entitled to the possession of the land described in the complaint? Answer. Yes.

2. What amount of rent, if any, is D. C. Baxley due the said Paisley McMillan for the said land? A. Nothing.

3. Is J. L. McMillan the legal owner and entitled to the possession of the land described in the complaint? A. Yes.

4. Is the mortgage still in force and does the relation of mortgagee and mortgagor still exist between J. L. McMillan and the said defendants? A. No.

The issues were excepted to by the defendants, who, in turn, offered the following issues, which were all submitted:

1. Was the mortgage of January 1st, 1886, fraudulently or by mistake made for $168.11 instead of $150. A. No.

2. Was the mortgage executed for the purpose of securing whatever balance might be proved due upon settlement? A. Yes.

3. Was the mortgage properly probated and acknowledged? His Honor held that it was.

4. Were plaintiffs J. L. McMillan and Paisly McMillan partners when the mortgage was taken or when the sale was made, or was Paisley McMillan acting as agent for J. L. McMillan?

The answer to the first and second questions of this issue was, "No"; and to the last, "Not at sale."

5. What amounts are plaintiffs due the defendants, if any? A. Nothing.

6. Was the work, labor, etc., set out in defendants' account to be credited on bond secured by mortgage? A. No.

7. Was due notice of sale and proper advertisement made? A. Yes.

8. Was sale fairly conducted? A. Yes.

9. What amount, if any, were defendants due plaintiffs at time of sale? A. Due $168, less credit $18.12.

10. Did the land bring a fair price? A. Yes.

11. Was Paisley McMillan a *bona fide* purchaser for value? A. Yes.

His Honor submitted all the issues, but said he did not think there was any evidence to go to the jury on issues number one and three offered by the defendants. After the evidence closed and argument began, and after one counsel on each side had addressed the jury, the defendants moved for leave to submit the following issue: "Were the defendants or either of them induced to sign the mortgage by surprise or undue influence?" Motion denied, and defendants excepted. The defendants moved for leave to amend the answer in order to make it conform to the facts proved and to allege that the plaintiffs procured the signatures of defendants by surprise and undue influence. Motion denied, and defendants excepted. There was judgment for plaintiffs, and defendants appealed.

*Mr. William Black*, for defendants (appellants).
No counsel *contra*.

MacRae, J. (after stating the facts): As far as the case and the record show, there was no motion for reference to state an account between mortgagors and mortgagee as demanded in the answer. Indeed, as this was an action brought by the alleged purchaser of the land under mortgage sale, and until the issues were determined whether the plaintiff Paisley McMillan were a partner or agent of the mortgagee, J. L. McMillan, or a *bona fide* purchaser for value

and without notice, it would not have been proper to have ordered an account. If the jury had found that Paisley McMillan was the agent of the mortgagee in making the sale, or was a partner and interested in the mortgage, or was the manager and clerk of the mortgagee and had notice of the state of the account between mortgagors and mortgagee, and that defendants did not owe the amount claimed as the mortgage debt, the sale would have been set aside, and if the two causes of action could be joined, the mortgagee being a party to this action, an account might have been ordered.

On the trial the defendants moved to strike out the name of J. L. McMillan as party plaintiff, and excepted to the denial of their motion. Misjoinder of parties is to be taken advantage of by demurrer. The misjoinder of unnecessary parties is mere surplusage under *The Code*, and not a fatal objection. Clark's Code, sec. 239, and cases there cited.

The defendants moved to strike out the reply, and this motion being denied, they excepted. According to the record the reply was filed within two days after the answer and apparently at the same term of the Court. No reason is given us for striking it out. If the plaintiffs were not entitled to file it on account of laches it was in the discretion of the presiding Judge to permit it to be done. *The Code*, §274; *Mallard* v. *Patterson*, 108 N. C., 255.

The defendants except for errors in refusing instructions asked by defendant. It is stated in the case that the first instruction was given as asked, except that the words "at once" were omitted. On reference to the first prayer we find no such words as "at once," and defendants' counsel has not pointed out to us the error, if any there were.

The fourth prayer was refused. This was in effect that the burden was on the plaintiffs to prove that Paisley McMillan, the purchaser, was neither the partner nor agent of

the mortgagee when he bought the land at the mortgage sale. In the preceding instructions the presiding Judge had fully charged the jury that the burden was entirely upon the plaintiffs to prove everything fair and honest, and no advantage taken of defendants; that the law presumed fraud and looked upon the power of sale with suspicion; this was going as far as the defendants could require, and we can see no view of the case which cast the burden upon plaintiff Paisley to prove that he was not the partner or agent of the mortgagee.

The fifth prayer for instruction was, "It being proved and admitted that Paisley McMillan was the clerk and book-keeper and manager of J. L. McMillan's business, the burden is on plaintiffs to show by a preponderance of the testimony that everything connected with the sale was fair and regular." His Honor had submitted it to the jury to determine whether the plaintiff Paisley was the agent of the mortgagee. He had instructed them that "Even if J. L. McMillan and Paisley McMillan were partners, or if Paisley was his book-keeper, clerk, and agent in other matters, he would still have the right to purchase at the sale. If Paisley bought the land without any agreement to turn it over to his brother, and paid $150, he is the *bona fide* purchaser for value. If Paisley knew of defendant's claims, he bought subject to defendant's equity, if he had any. One partner is the agent of the other within the scope of the business of the partnership, and not beyond. One partner may act as agent for the other, but he may also act for himself, and the fact that Paisley was clerk in the store and managing the mercantile business of J. L. McMillan is not in any way inconsistent with his right to buy the land for himself." The fifth instruction was refused in the form asked for by defendants, but the jury in the general instructions were told that in the dealings between the mortgagee

and mortgagor the law required the mortgagee to show that the dealings with the mortgagor in respect to the mortgage were fair.

If the plaintiff Paisley had brought his action alone he would have been governed by the ordinary rule that he should make out his case, as any plaintiff suing for the recovery of land, and all matters of defence should be offered by the defendants; but by reason of his joining the mortgagee, J. L. McMillan, as co-plaintiff his Honor placed the burden upon the plaintiffs, as in an action for the foreclosure of a mortgage, to show that all was fair and regular; and this mortgage having in it. the power of sale, his Honor followed the authorities in instructing the jury that the law looked upon the sale with suspicion; he even told the jury that fraud was presumed and cast the burden upon the plaintiffs of proving that no advantage was taken of the mortgagors. We think that he went as far as the defendants could have required, and that there is no principle which would cast the burden upon plaintiff Paisley to prove that he was not acting as agent of the mortgagor in the sale under the mortgage. This was a matter of defence open to the defendants.

The sixth prayer was, "That before a power of sale conferred in a mortgage can have any force it must be shown *to the satisfaction of the jury* that due advertisement, and everything necessary or required to be done to make the sale fair, was done." His Honor substituted the words "by a preponderance of evidence" for the words in italics. The phrase, to the satisfaction of the jury, is considered to bear a stronger intensity of proof than that of "by a preponderance of evidence." But we know of no rule of evidence which would require of the plaintiffs a stronger degree of proof than is ordinarily required of the plaintiff in a civil action. The same principle does not apply as is

stated in *Ely* v. *Early*, 94 N. C., 1; *Kornegay* v. *Everett*, 99 N. C., 30; *Loftin* v. *Loftin*, 96 N. C., 94, and the cases therein cited, that to correct a mistake in a deed the proof must be full and clear, and not merely preponderate.

The seventh and tenth prayers were predicated upon a charge of surprise or undue influence in procuring the execution of the bond and mortgage by defendants. This charge is not found in the answer nor warranted by the evidence.

The eighth prayer does not appear in the case. If there were error, it was the duty of defendants to point it out, and if necessary they might have applied for a writ of *certiorari*. Not having done so, we may assume that the exception was abandoned. From the hurried manner in which the transcript seems to have been written we think it more than probable it was omitted by the copyist.

The ninth prayer was properly denied, as it assumed, as proved, certain facts upon which the testimony was conflicting.

The defendants further except "for error in refusing to allow amendment of answer to conform to facts proved," and we may comprehend in this exception the refusal to submit the issue as to surprise and undue influence. As we have said, there was no evidence to warrant it.

The plaintiff Paisley McMillan was permitted to testify to the posting of notices of sale; defendants objected and excepted, because the notices were in writing and ought to be produced. The rule requiring the production of the writing itself as the best evidence does not extend to mere notices or to matters collateral. 1 Greenleaf Ev., 561; *Jones* v. *Call*, 93 N. C., 170; *State* v. *Credle*, 91 N. C., 640.

Defendants except "for expression of opinion in regard to issue as to proper probate." When plaintiffs offered in evidence the mortgage from defendants to J. L. McMillan

and defendants objected to "proof of execution," they also offered an issue, "Was the mortgage properly probated and acknowledged?" His Honor, upon the objection to the reception in evidence of the mortgage, properly held that the probate was substantially in accord with the requirements of the statute, and we concur with him, upon examination of the certificate. This disposes of the point. It was not a question for the jury; it was the province of the Judge to pass upon the sufficiency of the probate before the deed was permitted to be left to the jury. The Act of 1796, *The Code*, §413, has no application here.

His Honor instructed the jury to inquire as to whether the mortgage of 1885 was paid when the mortgage of January 1, 1886, was given. The defendants excepted upon the ground that it was admitted that the new mortgage was given for the old one. The evident construction of the charge upon this point was that they should inquire whether the former mortgage was paid or satisfied by the latter, and as this was admitted no harm could have come to defendants from the instruction.

Defendants further excepted "for error in permitting the jury to pass on the question of agency, it being admitted that Paisley McMillan was clerk and managing the business for J. L. McMillan." The issue was submitted at the instance of defendants in their fourth issue tendered. His Honor carefully instructed the jury on the point made. He discriminated between such agency as might arise from the fact that Paisley was the clerk or manager or partner of J. L. McMillan in other matters, and an agency to conduct the sale.

The last exception is "for inconsistent findings of the jury." This is directed to their responses to the issues wherein they find that Paisley McMillan is the owner and entitled to the possession of the land, and that J. L. McMillan is the

legal owner and entitled to the possession of the same land.
There is certainly an inconsistency in these findings, but is
it such as the defendants can complain of? The action
was brought for the recovery of the land by Paisley McMil-
lan as the purchaser at the sale under the mortgage, and
the pleader must have joined J. L. McMillan as a plaintiff
and presented the issue as to his ownership in order, if it
should be held that Paisley was not a purchaser for value,
and the relation of mortgagor and mortgagee still subsisted,
that J. L. McMillan might recover possession as mortgagor.
*Wittkowski* v. *Watkins*, 84 N. C, 456. There was no
demurrer on the ground that two causes of action had been
improperly united, and therefore the objection, if valid,
was waived. *Finley* v. *Hayes*, 81 N. C., 368; *McMillan* v.
*Edwards*, 75 N. C., 81. The jury having found the issues
presented in favor of plaintiffs, the only result of an error
in submitting an issue as to the ownership of J. L. McMil-
lan and the affirmative response thereto would be a judg-
ment in favor of Paisley McMillan *non obstante* the finding
in favor of J. L. McMillan. As neither of the plaintiffs
objected to the form of the judgment in favor of both, it
is not incumbent upon us to reform it.

We see nothing in the objection to the issues tendered by
plaintiffs.

After a careful consideration of the numerous exceptions
earnestly pressed by defendants' counsel we see no error
of which defendants can complain.

No Error.　　　　·　　　　　　　Affirmed.