## W. C. HEYSER & CO. v. J. C. GUNTER.

*Justice of the Peace—Jurisdiction—Counter-Claim.*

Defendant contracted to cut and deliver logs from certain lands and to put them upon the river for plaintiff at a stipulated price, it being agreed that plaintiff might retain one-third of the amount due for logs delivered until all the timber from certain lands was delivered. Plaintiff retained one-third of the amount due for logs delivered, and, upon failure of the defendant to deliver other logs included in the contract, plaintiff caused such logs to be delivered at expense to himself of $125 more than the contract price of such logs Thereupon plaintiff sued defendant for the $200 which had been advanced. Defendant pleaded payment and a counter-claim of $200, waiving the balance of his claim in order to confer jurisdiction. Plaintiff admitted that he had retained one-third of the price of the logs delivered by defendant as provided by the contract. There was judgment for the defendant on his counter-claim and plaintiff appealed; *Held*, that there was no error in an instruction to the jury that the measure of plaintiff's damages was the amount he was compelled to pay in excess of the contract price to get delivery of the logs which defendant had failed to deliver, and that, if the jury believed the plaintiff's evidence, the defendant was entitled to judgment for $200. (CLARK and MONTGOMERY, JJ., concur in the result, but dissent so far as there is any recognition of jurisdiction of the justice to adjudicate that defendant was indebted to the plaintiff in the sum of $325, and that plaintiff was indebted to defendant $525.

CIVIL ACTION, tried on appeal from justice of the peace's court, before *Robinson, J.,* at Fall Term, 1895, of GRAHAM Superior Court. The facts are stated in the opinion of Associate Justice MONTGOMERY. From a judgment for the defendant on his counter-claim the plaintiff appealed.

*Mr. A. M. Fry,* for plaintiffs (appellants).
*Messrs. J. W. & R. L. Cooper,* for defendant.

FAIRCLOTH, C. J.: If we are able to understand the record in this case, the following are the facts: The defendant agreed to cut logs from certain lands and put them into the Tennessee river for the plaintiff, and the latter agreed to pay for the logs so delivered $4.25 per 1,000 feet; that it was agreed that plaintiff might retain one-third of the money for the logs, as they were delivered, until all the timber from certain lands was delivered; that logs were delivered to the amount of $1,918.46, and paid for, except one-third, $639.46, which was retained, and that plaintiff advanced $200 to defendant to enable him to prosecute his work; that defendant cut some logs on a 75 or 100 acre tract, but was enjoined from removing them, and that it cost plaintiff $125 more than the contract price to put those logs in the river.

The plaintiff sued in a justice's court for the $200 advanced, and defendant pleaded payment, and also a counter-claim for $200, waiving and releasing all in excess of $200. The plaintiff's witness and agent proved that it cost him $125 more than the contract price to put the cut logs in the river, by reason of the remote distance from the river, and that the $639.46 was retained by plaintiff, and defendant admitted that plaintiff advanced him $200. The court submitted these issues:

"1. Is defendant indebted to plaintiff, and if so, in what amount? Ans., 'Nothing.'

"2. Is plaintiff indebted to defendant, and if so, in what amount? Ans., '$200.'"

His Honor charged the jury that "the measure of damage to the plaintiff would be the $125 that he had to pay in excess of the contract price to put in the timber off this tract, and that, if the jury should find the fact to be in accordance with the evidence of the plaintiff, the defend-

ant would be entitled to a verdict of $200." Plaintiff excepted.

This was the only exception relied on in this Court. Judgment according to the verdict. We see no error in the instruction, as it seems agreeable to the facts and the evidence. The case may be stated thus:

| | | |
|---|---|---|
| Amount retained from logs delivered to plaintiff | | $639.46 |
| Cr. Amt. advanced defendant | $200.00 | |
| Cost of putting logs in river | 125.00 | |
| Released for jurisdiction | 114.46 | |
| Counter-claim | 200.00 | |
| | $639.46 | $639.46 |

If the conclusion is correct, it is plain that the plaintiff has sustained no injury.

Affirmed.

CLARK, J. (concurring): Concurring in the result, I cannot agree to the process by which the conclusion is reached, as it recognizes jurisdiction in a justice of the peace to adjudicate that the defendant was indebted to the plaintiff $325, and that the plaintiff was indebted to the defendant $525, exclusive of $114.25 remitted to give jurisdiction. I do not think that a justice of the peace has such jurisdiction. The plaintiff sued for $200. The defendant pleaded that this $200 had been paid, and pleaded a counter-claim of $200, remitting all his claim against the plaintiff in excess of $200, i. e. remitting $239.25. Of such proceeding the justice had jurisdiction, and the justice's judgment, holding as it did that the plaintiff's claim had been paid and that the defendant should have judgment on his counter-claim for $200, was valid. But the plaintiff's counter-claim of $125 to defendant's counter-claim could not be considered by the justice, for two reasons: first, because to recognize it would be in

effect to confer on the justice jurisdiction to consider a demand of the plaintiff for $325, and, secondly, because a counter-claim cannot be pleaded in reply to a counter-claim, even in the superior court. *Boyett* v. *Vaughan*, 85 N. C., 363, which is exactly in point, and which over-ruled a former decision in same case, 79 N. C., 528. The remedy when the plaintiff wishes to reinforce his first demand is to amend the complaint, and that in this case would be to put the plaintiff out of the jurisdiction of the justice. *Scott* v. *Bryan*, 96 N. C., 289. It will be noted that this is not an action for a balance admitted to be due on an account stated, for which balance, if not more than $200, an action can be sustained before a justice of the peace.

MONTGOMERY, J.: I concur in the above opinion.