CROMER BROS., v. R. MARSHA.

(Decided April 5, 1898.)

*Action on Account—Justice of the Peace—Jurisdiction —Sum Demanded.*

1. In an action on contract it is the sum demanded in the summons or complaint that fixes the jurisdiction.

2. Where the amount claimed in the summons issued by a Justice of the Peace was $200 and no other complaint was filed, and the account offered in evidence amounted to $242.00 but plaintiff stated that he remitted the excess over $200; *Held*, that the Justice of the Peace had jurisdiction.

3. When the pleadings before a Justice of the Peace, in an action on contract, did not show a want of jurisdiction and no objection was made thereto, such objection cannot be made on appeal to the Superior Court.

CIVIL ACTION tried before *Starbuck, J.*, and a jury at December Term 1897, of FORSYTH Superior Court, on appeal from a judgment of a Justice of the Peace. There was a verdict for the plaintiffs and from the judgment thereon the defendant appealed.

*Messrs. Watson, Buxton & Watson* for defendant, (appellant).
*Messrs. L. M. Swink* and *Glenn & Manly* for plaintiffs.

FURCHES, J.: This action commenced before a Justice of the Peace and, by successive appeals, has come to this Court. The amount claimed in the summons is $200, and there was no other complaint filed. The defendant denied owing the plaintiff anything, plead Statute of Frauds, and coverture.

Upon the trial the plaintiff offered in evidence a store

account, consisting of many items gotten on different days, amounting to $242,—stating that while the whole of said account was due, he only claimed $200, and that he remitted the excess. The trial proceeded upon this contention on the part of the plaintiffs and these pleas of the defendant, when the Court rendered judgment for plaintiff for $200, and defendant appealed to the Superior Court, where, it appears, the defendant, in addition to the defences pleaded and relied on before the Justice of the Peace, insisted that the sum demanded exceeded $200 and that the Justice had no jurisdiction. Judgment again being entered against the defendant, she appealed to this Court. In stating the case on appeal, it is expressly stated that all other pleas and defences were abandoned, except the question of jurisdiction.

This defence cannot be sustained. Section 832 of *The Code* provides that the summons shall state the amount claimed. This was done, and the amount claimed was $200. Section 834 of *The Code* gives Justices of the Peace original and exclusive jurisdiction of all actions upon contract where the sum demanded does not exceed $200. The sum demanded in this action did not exceed $200.

In *Allen* v. *Jackson*, 86 N. C., 321, it is held that in a Justice's Court the summons is a substitute for the complaint, where no other complaint is filed. There was no other complaint filed in this case. It is true that the plaintiff used on the trial an account aggregating the sum of $242. But it appears that, while he stated that the whole amount was due, he only claimed $200 and remitted the excess, and the judgment was for $200 only. There was no objection to this in the Justice's Court, where it should have been made, if there was

objection; and, as there was none made there, it does not seem to us that it should be made for the first time in the Superior Court, (*Cotton Mills* v. *Cotton Mills*, 115 N. C., 475), as the jurisdictional question did not appear upon the pleadings.    And, while it seems to us that Justices should observe the formula provided in Section 835 of *The Code*, that there may be no mistake about the remitter, it appears to us that this case is fully covered by *Brantley* v. *Finch*, 97 N. C., 91. And being governed by the ruling of the court in that case (*Brantley* v. *Finch*) we must hold that there was no error in the judgment of the court below.

Affirmed.