·M. F. WOOTEN v. S. R. BIGGS DRUG COMPANY.

(Filed 5 May, 1915.)

1. **Actions—Jurisdiction—Motions to Dismiss—Term—Notice.**

   The plaintiff is not entitled to notice by the defendant entering a special appearance for the purpose of dismissing the action for the want of jurisdiction, and heard at a regular term of the court; and an exception to an order of the trial court dismissing the action, based upon the want of notice, cannot be sustained.

2. **Courts—Jurisdiction—Pleadings—Demands—Good Faith.**

   In order to confer jurisdiction on the Superior Court the amount of the demand in the complaint must be sufficient and related to the facts alleged, and follow as a natural and reasonable conclusion from them; and when it appears therefrom that the largest sum recoverable is within the original jurisdiction of a court of a justice of the peace, it is unnecessary that the demand in the jurisdictional amount was made in "good faith," and the action will be dismissed.

3. **Vendor and Purchaser — Jurisdiction—Pleadings—Demands—Contracts—Considerations.**

   In an action by an architect to recover the contract price of plans and specifications furnished for a soda fountain, fixtures, etc., and the loss of his commissions for the sale thereof, the complaint alleged that the defendant entered into a written contract to pay $100 for the plans, and in the event of another person selling the fountain, etc., he was to retain the $100; that by a verbal cotemporaneous agreement, the defendant was to notify the plaintiff of the time he would receive the bids and favor him in the purchase of the fixtures, which he failed to do and purchased from another, and that if plaintiff had been so notified he would have met competitive prices and netted $750 in commissions. *Held,* the allegations as to the commissions were too vague and uncertain to be considered, and the alleged verbal agreement was without consideration, leaving the amount of recovery $100, which was not within the jurisdiction of the Superior Court.

APPEAL by plaintiff from *Shaw, J.,* at November Term, 1914, of MECKLENBURG.

Action to recover damages, in which the plaintiff filed the following complaint:

The plaintiff, complaining of the defendant, alleges:

1. That he is and was, at the times hereinafter mentioned, a resident and citizen of said county and State, and that the defendant is and was, at said times, a corporation under and by virtue of the laws of North Carolina, engaged in the business of handling drugs, fountain beverages, etc., with its principal place of business in the city of Williamston in Martin County in said State.

3. That on or about 25 September, 1913, the plaintiff and defendant entered into the following agreement, towit: "It is understood and agreed by M. F. Wooten and S. R. Biggs Drug Company, that the said M. F. Wooten is to make blue-print plans, elevation and perspective sketches and detailed specifications for one set of drug fixtures to be purchased by the Biggs Drug Company. It is further agreed that upon receipt of said sketch, plans and specifications, the S. R. Biggs Drug Company will pay the sum of $100 to M. F. Wooten for said services, and then if S. R. Biggs Drug Company should accept the proposition from M. F. Wooten on the fixtures and buy same from him, the money paid ($100) will be credited on the face of the contract, and credit for this amount will be given on the purchase price. In case S. R. Biggs Drug Company buys from another man or firm, then M. F. Wooten will keep said money, and be fully paid for his services." Signed by "S. R. Biggs Drug Company, S. R. B." Signed "M. F. Wooten."

3. That agreeable to the foregoing, the said plaintiff prepared and delivered to the defendant the plans and specifications above referred to, and the same were duly accepted by the defendant, whereby the defendant became indebted to the plaintiff in the sum of $100, as above set forth.

4. That said plans were for the purpose of enabling the defendant to purchase and install certain drug-store fixtures which it proposed to purchase. That plaintiff was a representative of a concern furnishing such fixtures. That by the terms of said contract and a cotemporaneous agreement the defendant contracted and agreed with plaintiff to notify plaintiff when it would be ready to let bids for said proposed purchase of certain drug-store fixtures, and assured the plaintiff that it would favor him in the purchase of said fixtures.

5. That plaintiff is informed and believes, and so alleges, that the defendant has already purchased said fixtures without notifying plaintiff or giving him an opportunity to be present and bid upon said fixtures. That plaintiff is informed and believes, and so alleges, that the defendant has purchased fixtures conformable to said plans from the other parties in the sum of about $3,500, and that if plaintiff had been notified of said purchase by defendants and been permitted to bid on said fixtures, he could and would have met said price and thereby obtained said order, which would have netted plaintiff 20 per cent, or $750.

6. That by reason of the failure of the defendant to comply with its contract and permit plaintiff to participate in said bidding, the plaintiff lost said sale and the commission thereon, and that thereby the defendant is justly indebted to the plaintiff in the sum of $750.

Wherefore the plaintiff prays judgment against the defendant for $750, with interest thereon from the .... day of ......, 1914, and the costs of the action, to be taxed by the clerk.

At the return term of the summons, and after the complaint was filed, the defendant moved to dismiss the action for want of jurisdiction in the Superior Court, upon the ground that the only cause of action alleged in the complaint was for the recovery of $100, which was in the jurisdiction of a justice of the peace, and that the allegations as to the agreement to notify the plaintiff when it would be ready to let bids were not sufficient to constitute a contract which could be enforced.

The motion was continued and was heard at the next succeeding term of court, when the motion was allowed and judgment was entered dismissing the action, and the plaintiff appealed, assigning the following errors:

1. The refusal of the court to compel the defendant to give notice under the special appearance, for the hearing of his motion to dismiss said action for a lack of jurisdiction, and in hearing said motion without notice being given as required by law, over plaintiff's objection.

2. To the judgment as set out in the record, and especially as the court did not find that the demand in the complaint was not made in good faith, but held, either *ex mero motu* or upon a demurrer *ore tenus* by defendant under a special appearance, that the plaintiff could not maintain said action.

*Thomas W. Alexander for plaintiff.*
*Pharr & Bell for defendant.*

ALLEN, J. The plaintiff was not entitled to notice of the motion to dismiss the action because the motion was made at a regular term of court. *Hemphill v. Moore,* 104 N. C., 379; *Coor v. Smith,* 107 N. C., 430; *Stith v. Jones,* 119 N. C., 430.

The rule as to motions made in term is stated in *Coor v. Smith* to be that, "While the action is pending no actual notice is required, as all parties are presumed to have notice of all motions, orders, and decrees made in the cause."

Nor was it the duty of his Honor to find as a fact that the demand for judgment by the plaintiff was not made in good faith.

The term "good faith" may be found in many of the opinions of this Court dealing with the question of jurisdiction, but it means more than

an honest purpose. It implies that the demand shall be related to the facts alleged, and shall follow as a natural and reasonable conclusion from them, and in cases like the one before us, to recover damages for breach of contract, the allegations of fact in the complaint must show an enforcible contract.

In *Realty Co. v. Corpening,* 147 N. C., 613, the demand was for $500, when on the facts alleged the plaintiff could only recover $200. The action was dismissed in this Court upon the ground that the Superior Court did not have jurisdiction, the Court saying: "It is too well settled to admit of controversy that the jurisdiction is fixed by the amount for which in the aspect most favorable for the plaintiff judgment could be rendered upon the facts set out."

There are many other cases in our Reports of like import: *Frœlich v. Express Co.,* 67 N. C., 1; *Wiseman v. Witherow,* 90 N. C., 140; *Brock v. Scott,* 159 N. C., 513.

In the last case cited the jurisdiction of the Superior Court was sustained because upon the facts alleged in the complaint the plaintiff was entitled to recover more than $200; but it was pointed out that the court would not be deprived of jurisdiction by reason of the failure of the plaintiff to sustain his entire demand upon the trial or because a part of his claim might be based upon a misconception of a legal principle.

If, therefore, the "good faith" of the demand made by the plaintiff and the jurisdiction of the court are determined by the facts alleged, we must examine the allegations of the complaint to see what cause of action the plaintiff relies upon.

The first, second, and third allegations are sufficient to establish a cause of action to recover $100, but as this amount is not within the jurisdiction of the Superior Court, the plaintiff must rely on his cause of action based on the allegation that the plaintiff promised to notify him when it would be ready to let bids for its proposed purchase of drug fixtures.

Does this allegation and those succeeding it, accepting them as true, establish an enforcible contract between the plaintiff and the defendant? We think not.

The written contract contains no such promise as is alleged, and the plaintiff must rely upon a verbal promise, and no consideration is alleged to support this promise.

The sum of $100 which the defendant agreed to pay under the written contract was for the plans and specifications, and there is no allegation that in fixing this amount the parties were influenced one way or the other by the promise of the defendant to notify the plaintiff when it was ready to let out bids, and therefore this sum cannot be relied upon as a consideration.

The promise of the defendant cannot be supported upon the ground that mutual promises constitute a consideration, because there is no allegation in the complaint that the plaintiff promised to bid, and if the defendant had notified him he could have refused to bid without incurring the breach of any moral or legal obligation.

The promise, as alleged, amounted to no more than an offer which has never been accepted by the plaintiff and which could not constitute a contract until acceptance. It is lacking in the one thing without which a contract cannot be made, and that is, the assent of the parties to the agreement, the meeting of the minds upon a definite proposition. *Elks v. Ins. Co.*, 159 N. C., 624.

Again, the promise is too vague and indefinite.

In *Elks v. Ins. Co., supra,* the Court, quoting from Page on Contracts, says: "The offer must not merely be complete in terms, but the terms must be sufficiently definite to enable the court to determine ultimately whether the contract has been performed or not. If no breach of the contract could be assigned which could be measured by any test of damages from the contract, it has been said to be too indefinite."

If the defendant had notified the plaintiff he could have refused to bid without incurring any liability, or if he had bid the defendant was not obliged to accept, or if the bid had been made and accepted the company represented by the plaintiff could have refused to accept the order for the fixtures. The right of the plaintiff to recover damages, assuming that there was a consideration to support the promise, is altogether conjectural and speculative.

We are therefore of opinion that no cause of action is stated in the complaint, except for the recovery of $100, and as this is not within the jurisdiction of the Superior Court, the action was properly dismissed.

Affirmed.