O. N. PETREE ET AL. V. B. J. SAVAGE ET AL.

(Filed 3 May, 1916.)

1. **Courts—Jurisdiction—Amount Demanded—Pleadings.**

Where an action upon a contract is brought in the Superior Court, and the demand is made in good faith and comes within the jurisdictional amount, a recovery of a less sum will not defeat the court's jurisdiction. Upon the evidence in this case, and from the verdict of the jury, it appears that the demand was made in accordance with the requirements.

2. **Appeal and Error—Supreme Court—Parties—Motion to Dismiss.**

Where one of several makers of a note has paid it and caused it to be assigned to a trustee, *semble*, the actions to recover from his comakers are several; but where he sues them all in the same action the remedy is by *demurrer* for misjoinder of parties, and cannot be taken advantage of in the Supreme Court upon motion to dismiss the action, upon the ground that the Superior Court had no jurisdiction because the action arose by contract, and the recovery sought against each defendant, taken separately, was less than $200.

3. **Appeal and Error—Evidence—Depositions—Objections and Exceptions—Harmless Error.**

Where a deposition is objected to as immaterial and irrelevant, and not that it was irregularly taken, its admission as evidence is harmless error at most, and not prejudicial to the complaining party.

4. **Courts, Discretion—Issues—Appeal and Error—Harmless Error.**

The discretion of the trial judge in settling and framing the issues is not reviewable on appeal, when the issues submitted present every phase

of the controversy, and under them all material and relevant evidence could have been introduced by either party.

**5. Trials—Evidence—Fraud—Instructions.**

In this action for contribution upon a note paid by a joint maker and assigned to his trustee, there was allegation, in defense, that the note sued on was procured upon the fraudulent representation that the makers thereof should be ten in number and pay their proportionate parts. Upon the entire testimony it is held that there was no evidence of fraud, and the instruction of the court in that respect was not erroneous.

APPEAL by defendants from *Shaw, J.,* at November Term, 1915, of STOKES.

Civil action tried upon these issues:

1. Did the plaintiffs, other than John A. Bruton, trustee, pay off the notes in controversy and have the same assigned to said Burton, as trustee, for their benefit, as alleged in the complaint? Answer: "Yes."

2. Were the defendants induced to execute the notes in question by reason of the false and fraudulent representations as alleged in the answer? Answer: "No."

3. Are the defendants indebted to the plaintiffs, and if so, in what amount? Answer: "Yes, as follows: B. J. Savage, $149.79 with interest from 26 October, 1912; Wade H. Bynum, $149.79 with interest from 26 October, 1912; DeWitt Tuttle, $149.79 with interest from 26 October, 1912; W. H. Grubbs, $162.46 with interest from 26 October, 1912."

From the judgment rendered, defendants appealed.

*J. C. Buxton, R. G. Parker, O. N. Petree for plaintiffs.*
*R. C. Strudwick, Jones & Patterson, Phillip Williams for defendants.*

BROWN, J. The evidence tends to prove that plaintiffs and defendants are principal obligors on certain notes given for the purchase of a horse. The notes were duly indorsed to one Hairston before maturity, for value. After Hairston became the owner of all the notes, plaintiffs and defendants paid their proportionate part of the first note, and the three defendants, Bynum, Tuttle, and Savage, paid part of the second note, and also the interest on the third note, and no question was raised as to any irregularity, nor was any charge of fraud made. The payments reduced the unpaid notes to such an amount that the defendant Grubbs owed a balance on the entire indebtedness of only $162.46 and the other three defendants owed only $149.79 each, making a total of $611.83 owing by the defendants. Hairston required the payment of the balance due, and the four defendants refusing to pay, the plaintiffs in this action paid Hairston the total indebtedness of $1,053.20,

and Hairston assigned the notes to plaintiff Bruton, trustee, for their benefit, and brought this action against the defendants for contribution. The defendants pleaded fraud, in that they were imposed upon by one of the plaintiffs, Chap. Bodenhamer, who, they aver, represented that there were ten men who had contracted to buy the horse of Bridges & Flora for $2,000, and each was to pay $200, and each signer to pay $200; whereas, in fact, only eight men signed the notes, and that R. J. Petree and O. N. Petree did not pay anything, and that they secured their interest in the horse without paying anything.

The defendants moved in the Supreme Court to dismiss the action upon the ground that it appears upon the face of the record that the sum demanded is less than $200, and that the Superior Court did not have jurisdiction.

In an action upon contract the jurisdiction of the court is determined by the sum demanded. *Brantley v. Finch,* 97 N. C., 91; *Knight v. Taylor,* 131 N. C., 84; *Sloan v. R. R.,* 126 N. C., 490. The demand must be made in good faith and not for the purpose of conferring jurisdiction. *Wiseman v. Withrow,* 90 N. C., 140. Where the sum demanded in good faith exceeds $200 the Superior Court has jurisdiction. *Carter v. R. R.,* 126 N. C., 437; *Horner v. Westcott,* 124 N. C., 519.

In the case at bar the sum demanded is $611.83, and that it is demanded in good faith is not only apparent upon the complaint, but is manifested by the amount recovered by the judgment of the court.

It may possibly be that in an action for contribution such as this the remedy is in severalty for the aliquot part due from each defendant. *Adams v. Hayes,* 120 N. C., 383. But it is well settled that if there is a misjoinder of parties or causes of action the defect must be taken advantage of by demurrer in the Superior Court. It cannot be taken advantage of for first time in this Court by a motion to dismiss the action. *McMillan v. Baxley,* 112 N. C., 578; Clark's Code, sec. 239, subsec. 5, and cases cited.

There are three assignments of error:

1. For that the court erred in admitting the deposition of Cabell Hairston, "as it was immaterial and irrelevant." No objection is made to the regularity of the deposition, and as it is immaterial and irrelevant to the controversy between plaintiffs and defendants, its admission is harmless error.

2. For that the court committed error in submitting the issues. These issues appear to present every material phase of the controversy, and under them all relevant and material evidence could be introduced by both parties. In such case the trial judge's discretion in settling and framing the issues is not reviewable. *Redmond v. Mullenax,* 113 N. C., 505; *Downs v. High Point,* 115 N. C., 182.

3. For that the court committed error in charging the jury as follows: "And if they believe all the testimony, there is no evidence of fraud, and they will answer the second issue 'No.' No one of the defendants has sworn that Mr. Duckworth or Mr. Bodenhamer told him there were to be ten signers of the note, the share of each to be $200."

An examination of the record fails, in our opinion, to disclose any evidence of fraud, and the statement of the judge to the jury appears to be borne out by the testimony of the witnesses.

No error.