## T. D. TAYLOR v. SUPERIOR MOTOR COMPANY.

### (Filed 30 April, 1947.)

**1. Constitutional Law § 8a—**

An Act of Congress in exercise of powers conferred by the Constitution is supreme.    U. S. Constitution, Art. VI, Sec. 2.

**2. Emergency Price Control § 4—**

Proper regulations promulgated under the Emergency Price Control Act have the binding effect of law.

**3. Courts § 13—**

State courts have concurrent jurisdiction for the enforcement of civil remedies under the Emergency Price Control Act.

**4. Emergency Price Control § 4—**

The Emergency Price Control Act continues in force for the purpose of sustaining any proper suit with respect to rights or liabilities accruing thereunder prior to the cessation of its price fixing provisions.

**5. Emergency Price Control § 6—**

A complaint alleging violation of regulations duly promulgated under authority of the Emergency Price Control Act, 50 USCA, 901, *held* sufficient as against demurrer.

**6. Appeal and Error § 39f—**

An exception to the charge will not be sustained when the charge is free from prejudicial error when read contextually.

**7. Emergency Price Control § 7—**

In an action to recover the penalty for violation of regulations promulgated under the Emergency Price Control Act, the admission in evidence of the regulations set out in Federal Register is permitted by statute. 44 USCA, 307.

**8. Emergency Price Control § 9: Courts § 3a—**

The Superior Court is a court of general jurisdiction and has the power to award plaintiff reasonable attorney's fees authorized by the Emergency Price Control Act.

APPEAL by defendant from *Olive, Special Judge,* at November Term, 1946, of MECKLENBURG. No error.

Plaintiff instituted this action under the Federal Emergency Price Control Act of 1942, as amended, to recover damages for violation by defendant of the maximum price permitted in the sale of a used automobile.

Plaintiff's evidence tended to show that he purchased of defendant a used automobile in March, 1946, at the sale price of $958.87, to which was added a charge of 25% or $239.72 for warranty that the automobile was "in good operating condition" as defined in Maximum Price Regulations No. 540; that the automobile was not as warranted and not in good operating condition in material respects, and defendant failed to make repairs or replacement in accordance with the warranty, and that consequently the amount charged and paid for the warranty was to that extent in excess of the permitted maximum price; that the automobile was not used for business purposes, nor was plaintiff engaged in selling cars. Plaintiff asked to recover treble damages and for counsel fees.

The defendant offered evidence tending to show that the automobile was as warranted and that plaintiff completed the transaction with knowledge of the condition of the automobile; that plaintiff used it for business purposes; and that if the defendant charged in excess of the maximum price this was not done intentionally or willfully or without taking practical precaution not to violate the regulations, and that plaintiff was in no event entitled to recover more than the amount of the warranty.

Issues were submitted to the jury and answered in favor of plaintiff determining that the defendant sold the plaintiff a used motor vehicle in violation of the Maximum Price Regulations No. 540 as amended. Plaintiff's damages were assessed at $391.85. Judgment was rendered on the verdict for the amount fixed by the jury, and for the further sum of $100 attorney's fees fixed by the court.

Defendant excepted and appealed.

*David H. Henderson for plaintiff, appellee.*
*Basil M. Boyd for defendant, appellant.*

DEVIN, J. According to the regulations duly promulgated under authority of the Emergency Price Control Act of 1942, as amended, fixing maximum prices for used passenger automobiles, the seller was

allowed to include in the maximum price an additional amount when the used car was warranted, but this permission was conditioned on the used car being in good operating condition as therein defined. 10 Fed. Register 11558, Part 1360, Art. II, sec. 5(b)(3), sec. 7 (b), (M. P. R. No. 540). Plaintiff's action is bottomed upon the allegation, and the evidence offered in support, that the automobile purchased by him from the defendant was warranted and a specific amount paid therefor, and that the failure of the automobile to be in good operating condition as warranted breached the warranty and constituted the charge therefor an amount in excess of the maximum allowed under the regulations issued by authority of the Price Control Act, and that in consequence he was entitled to recover three times the amount of the overcharge. 50 USCA, sec. 901; Maximum Price Regulations, 540; Emergency Price Control Act, sec. 205(e).

The controversy as to the material facts upon which plaintiff's asserted cause of action was made to depend was resolved below in favor of the plaintiff by the verdict of the jury and the judgment of the court thereon. From this conclusion the defendant has appealed, assigning errors in several particulars.

In the first place defendant questions the jurisdiction of the court, and also demurs *ore tenus* to the complaint as insufficient to state a cause of action. However, it is well settled that an Act of the Congress in exercise of the powers conferred by the Federal Constitution is supreme. Art. VI, sec. 2. And proper regulations authorized under the Act have the binding effect of law. These are the tools used to effectuate the policy and purposes of the Act. Emergency Price Control Act, sec. 2a; *Standard Comp. Scale Co. v. Farrell,* 249 U. S., 571.

Concurrent jurisdiction for the enforcement of the civil remedies under the Emergency Price Control Act is expressly conferred upon state courts, and state courts may not refuse to enforce a claim growing out of a valid Federal law. *Testa v. Katt,* 91 Law. Ed. Adv. Op., 776; *Mondou v. R. R.,* 223 U. S., 1; *McGuinn v. McLain,* 225 N. C., 750, 36 S. E. (2d), 377; *Swink v. Horn,* 226 N. C., 713, 40 S. E. (2d), 353. Notwithstanding the Emergency Price Control Act of 1942, as amended, ceased 30 June, 1946, to be effective as fixing maximum prices for the sale of used automobiles, yet by force of the statute as enacted its authority was continued in force as to rights or liabilities incurred prior to its termination, for the purpose of sustaining any proper suit or action with respect to any such right or liability. 50 USCA, sec. 901(b), *150 E. 47th St. Corp. v. Porter,* 156 F. (2d), 541. We think the court had jurisdiction of the parties and of the cause of action, and that the complaint is sufficient to withstand a demurrer.

Defendant noted exception to certain instructions of the trial judge to the jury, but an examination of the entire charge, in the light of the

criticisms noted, leads us to the conclusion that the court's instructions to the jury were free from error. The form of the issues was agreed to, and thereunder all the controverted questions of fact were fairly submitted to the jury, with correct interpretation of the statutes and effective regulations. Admission in evidence of the regulations set out in Federal Register was permitted by statute. 44 USCA, sec. 307.

The allowance of reasonable attorney's fees, authorized by the Federal statute, must be upheld. As was said by *Justice Denny* in *Hilgreen v. Cleaners & Tailors, Inc.,* 225 N. C., 656, 36 S. E. (2d), 252, "The statute authorizes the court to award reasonable attorney's fees, and the Superior Court, being a court of general jurisdiction, has the power to award such fees." See also *Hopkins v. Barnhardt,* 223 N. C., 617, 27 S. E. (2d), 644.

In the trial we find

No error.