L. C. WILLIAMS AND MRS. L. C. WILLIAMS v. MRS. LYDIA R. GIBSON.

(Filed 24 May, 1950.)

**1. Federal Rent Control § 2: Criminal Law § 3—**

The Federal Housing and Rent Act of 1947 is a penal law. 50 U.S.C.A. 1895.

**2. Courts § 13—**

When Congress expressly vests the State courts with power to enforce valid Federal penal laws, State courts, which have jurisdiction adequate and appropriate for the purpose under established local law, are required by the supremacy clause of the Federal Constitution to enforce claims arising under such Federal penal laws.

**3. Courts § 2—**

In this State actions for civil penalties are assimilated to actions founded on contracts for jurisdictional purposes.

**4. Same—**

The jurisdiction of a court is determined by the amount demanded in good faith by the plaintiff, or by the character of the relief sought by him.

**5. Federal Rent Control § 2: Courts § 8—**

The Municipal-County Court of the City of Greensboro has jurisdiction of a suit to recover a penalty of $90.00 and the costs of the action under the provisions of the Federal Housing and Rent Act of 1947, Chap. 651, Public Laws of 1909, as amended, there being no demand for attorneys' fees, even if it be conceded that such court has no jurisdiction to award attorneys' fees, since the item of attorneys' fees is severable from that of liquidated damages under the Federal Rent Act, and recovery of the penalty would preclude a subsequent action for attorneys' fees.

**6. Courts § 2—**

A party may confer jurisdiction on a court by waiving the amount of his claim in excess of such court's jurisdiction provided he does not split a single cause of action into several actions for this purpose.

APPEAL by defendant from *Patton, Special Judge,* at the February Term, 1950, of GUILFORD.

Civil action by tenants against landlord for recovery of liquidated damages under the Federal Housing and Rent Act of 1947 for overcharge in excess of the prescribed maximum rent in a defense-rental area in Guilford County, North Carolina.

The plaintiffs brought this action in the Municipal-County Court of the City of Greensboro. They seek to recover liquidated damages totaling . $90.00, but do not demand attorney's fees. The defendant demurred on the ground that the Municipal-County Court has no jurisdiction of the subject of the action. G.S. 1-127. The demurrer specifically asserts

that the Municipal-County Court is a court of limited or special juris-
diction; that no existing State statute authorizes the Municipal-County
Court to fix and award attorney's fees in any case; and that the Munici-
pal-County Court has no power to try and determine the action because
of its legal incapacity to fix and award attorney's fees as provided by the
Federal Housing and Rent Act of 1947.

The Municipal-County Court overruled the demurrer, and the defend-
ant appealed to the Superior Court of Guilford County, which entered
judgment sustaining the ruling. The defendant thereupon appealed to
the Supreme Court, assigning the decision of the Superior Court on the
demurrer as error.

*Horace R. Kornegay and E. M. Stanley for plaintiff, appellees.*
*Robert Cohn and Elton Edwards for defendant, appellant.*

ERVIN, J. The only question on the appeal is whether the Municipal-
County Court of the City of Greensboro has jurisdiction to try and deter-
mine the action.

The Federal Housing and Rent Act of 1947 has been adjudged to be
constitutional by the Supreme Court of the United States. *Woods v.
Miller,* 333 U.S. 138, 68 S. Ct. 421, 92 L. Ed. 596. The Act provides,
in part, that any landlord who demands or receives as rent any sum in
excess of the prescribed maximum rent in a defense-rental area shall be
liable to the tenant for liquidated damages of $50.00 or three times the
amount of the overcharge, whichever is greater, plus reasonable attor-
ney's fees and costs as determined by the court. 50 U.S.C.A., section
1895.

The Act is clearly a Federal penal law; for "the term 'penalty' involves
the idea of punishment for the infraction of the law, and is commonly
used as including any extraordinary liability to which the law subjects a
wrongdoer in favor of the person wronged, not limited to the damages
suffered." *O'Sullivan v. Felix,* 233 U.S. 318, 34 S. Ct. 596, 58 L. Ed. 980.

When Congress expressly vests the State courts with power to enforce
valid Federal penal laws, State courts, which have jurisdiction adequate
and appropriate for the purpose under established local law, are required
by the supremacy clause of the Federal Constitution to enforce claims
arising under such Federal penal laws. *Testa v. Katt,* 330 U.S. 386,
67 S. Ct. 810, 91 L. Ed. 967, 172 A.L.R. 225. This principle is applied
in these recent North Carolina decisions: *Taylor v. Motor Co.,* 227 N.C.
365, 42 S.E. 2d 460; *Hilgreen v. Cleaners & Tailors, Inc.,* 225 N.C. 656,
36 S.E. 2d 252; and *Hopkins v. Barnhardt,* 223 N.C. 617, 27 S.E. 2d
644.

It is held in the *Hopkins case* that a justice of the peace does not have jurisdiction adequate and appropriate under local law to enforce a claim for a penalty under a Federal penal statute regardless of the amount of the penalty demanded, if in addition thereto the plaintiff seeks an award of reasonable attorney's fees under the Federal statute. The holding is predicated upon the legal incapacity of the justice of the peace as a court of limited jurisdiction to fix and award attorney's fees in any instance. It is adjudged in the *Hilgreen case,* however, that the Superior Court has adequate and appropriate jurisdiction under local law to try and determine an action for a penalty under a Federal penal statute irrespective of the amount of the penalty demanded, if in addition thereto the plaintiff undertakes to recover reasonable attorney's fees under the Federal statute. The decision is based upon the authority of the Superior Court as a court of general jurisdiction to fix and award attorney's fees in any proceeding where the allowance of such fees is sanctioned by law.

The Federal Housing and Rent Act of 1947 explicitly stipulates that a suit to enforce the civil penalty imposed by the Act upon an offending landlord "may be brought in any Federal, State, or Territorial court of competent jurisdiction." 50 U.S.C.A., section 1895.

The determination of the question raised by the appeal necessitates a consideration of the power conferred upon the Municipal-County Court of the City of Greensboro by North Carolina law to try and determine actions for penalties.

Actions for civil penalties are assimilated to actions founded on contracts for jurisdictional purposes in this State. *Hopkins v. Barnhardt, supra; Templeton v. Beard,* 159 N.C. 63, 74 S.E. 735; *Katzenstein v. Railroad Co.,* 84 N.C. 688; *Doughty v. R. R.,* 78 N.C. 22. The jurisdiction of a court is determined by the amount demanded in good faith by the plaintiff, or by the character of the relief sought by him. *Hilgreen v. Cleaners & Tailors, Inc., supra; Hopkins v. Barnhardt, supra; Drainage Comrs. v. Sparks,* 179 N.C. 581, 103 S.E. 112; *Petree v. Savage,* 171 N.C. 437, 88 S.E. 725; *Wooten v. Drug Co.,* 169 N.C. 64, 85 S.E. 140; McIntosh : North Carolina Practice and Procedure in Civil Cases, section 57. "In actions arising out of contract, if the sum demanded exceeds two hundred dollars, the jurisdiction is in the Superior Court, and for an amount not exceeding that sum the jurisdiction is in a court of a justice of the peace." McIntosh : North Carolina Practice and Procedure in Civil Cases, section 56.

Under Chapter 651 of the Public Laws of 1909 and the acts amendatory thereof, the Municipal-County Court of the City of Greensboro has "concurrent jurisdiction with justices of the peace in all civil matters, actions and proceedings within the jurisdiction of justices of the peace," and "concurrent jurisdiction with the Superior Court of civil actions . . .

founded on contract where the sum demanded (exclusive of interest) . . . does not exceed one thousand dollars."

These things being true, the Municipal-County Court of the City of Greensboro appears to have plenary power under North Carolina law to entertain a suit in which the plaintiffs demand nothing except a penalty of $90.00 and the costs of the action.

The defendant maintains, however, that such is not the case. She asserts that the Municipal-County Court has no jurisdiction in this action, notwithstanding that the sum demanded by plaintiffs falls far below the maximum amount of which the court may take jurisdiction, and notwithstanding that plaintiffs do not seek to recover any attorney's fees whatever. To sustain this position, the defendant advances these arguments: (1) That the Municipal-County Court is a court of limited jurisdiction, having no power to fix or award attorney's fees in any proceeding; (2) that the Federal Housing and Rent Act of 1947 compels a trial court to award attorney's fees to a plaintiff who recovers a penalty under the Act, even though such plaintiff neither demands nor desires such fees; and (3) that consequently the Municipal-County Court has no jurisdiction of a claim arising under the Act because of its legal incapacity to fix and award attorney's fees in any instance.

It is conceded that the Municipal-County Court is not given express authority by any State statute to fix and award attorney's fees in any action. Nevertheless, it does not necessarily follow that the first premise of the defendant is sound. Since the Municipal-County Court has "concurrent jurisdiction with the Superior Court of civil action . . . founded on contract where the sum demanded . . . does not exceed one thousand dollars," and since the Superior Court has undoubted authority to fix and award attorney's fees in any proceeding where their allowance is sanctioned by law, it may be asserted with much show of reason that the Municipal-County Court has power to fix and award attorney's fees in cases arising under the Federal Housing and Rent Act of 1947 in case the amount of the attorney's fees demanded plus the amount of the liquidated damages sought to be recovered do not exceed one thousand dollars. We express no opinion on this question, however, for the plaintiffs do not demand any allowance of attorney's fees in this suit.

The second premise of the defendant and her resultant deduction that the Municipal-County Court has no jurisdiction of this action are unsound even if it be taken for granted that such court has no power to fix and award attorney's fees in any instance. It may be conceded that the trial court is required to award both liquidated damages and attorney's fees to a tenant who sues his landlord under the Federal Housing and Rent Act of 1947, if the tenant seeks an allowance of such attorney's fees and is successful in his suit. But the Act does not impose upon the

Court a judicial obligation to compel a prevailing tenant to accept attorney's fees in addition to liquidated damages if the tenant neither demands nor desires such fees.

When all is said, the Federal Housing and Rent Act of 1947 vests in the tenant of an offending landlord the right to recover by suit two items in addition to court costs, to wit: (1) Liquidated damages; and (2) reasonable attorney's fees. The item of attorney's fees is severable from that of liquidated damages at the option of the tenant, who may validly abandon the item of attorney's fees in its entirety, and sue the offending landlord for the liquidated damages only. In such case, the jurisdiction of the court in which the suit is brought is to be tested by the amount of the liquidated damages demanded.

Such is the course which the plaintiffs have elected to pursue in the case at bar. It necessarily follows that the Municipal-County Court of the City of Greensboro has jurisdiction of the subject of the action, even though it be assumed that the tribunal is wholly without legal capacity to fix and award attorney's fees. This conclusion finds full support in the authorities holding that a party "who desires to sue in a court whose jurisdiction does not extend to the full amount of his claim may confer jurisdiction upon such court by waiving or remitting a portion of his claim, so that what remains is within the jurisdiction of the court." 21 C.J.S., Courts, section 68. See, also, in this connection: *Knight v. Taylor,* 131 N.C. 84, 42 S.E. 537; *Cromer v. Marsha,* 122 N.C. 563, 29 S.E. 836; *Heyser v. Gunter,* 118 N.C. 964, 24 S.E. 712; *Brantley v. Finch,* 97 N.C. 91, 1 S.E. 535.

There is no basis for any contention that the plaintiffs have unjustifiably split a single cause of action into several actions to give the court jurisdiction. The Act itself expressly states that "a judgment in an action under this section shall be a bar to a recovery under this section in any other action against the same defendant on account of any violation with respect to the same person prior to the institution of the action in which such judgment was rendered." 50 U.S.C.A., section 1895.

The judgment of the Superior Court overruling the demurrer is
    Affirmed.